UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

T.J.'S SPORTS BAR, INC.                *        CIVIL ACTION

versus                                 *        NO. 06-8938

SCOTTSDALE INSURANCE COMPANY, ET AL.   *        SECTION "F"

ORDER AND REASONS

Before the Court are two motions: the plaintiff's motion to remand and Burns & Wilcox's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the plaintiff's motion to remand is DENIED and Burns' motion to dismiss is GRANTED.

Background

Hurricane Katrina damaged T.J.'s Sports Bar in Plaquemines Parish. T.J.'s had purchased a commercial insurance policy for coverage from Scottsdale Insurance Company some time before the storm. Burns & Wilcox is a wholesale broker that operates as a general agent for Scottsdale; Burns & Wilcox has no contact with Scottsdale customers. Scottsdale has denied coverage for T.J.'s losses.

T.J.'s claims that on the advice of Burns & Wilcox, they bought minimal coverage for flood damage because they were told damage not covered by flood insurance would be covered by the homeowners policy. However, Burns & Wilcox submitted evidence that it merely quotes and binds coverage and issues policies to

1

designated retail producers on behalf of Scottsdale. It does not communicate with policy applicants and does not receive any policy premiums directly from the applicant.

T.J.'s filed a lawsuit in state court on October 3, 2006, naming Scottsdale and Burns & Wilcox.[1] It asserts that it is entitled to payment for the value of the commercial policy, plus state law penalties. T.J.'s also asserts that Burns & Wilcox was negligent in procurement of insurance because it did not advise as to gaps in coverage between the flood and homeowners policies, that it did not advise that excess flood insurance was both necessary and available, and that it misrepresented that Scottsdale's insurance policy would provide full coverage.

The defendants removed the case to this Court on October 23, 2006, invoking this Court's original diversity jurisdiction. They argue that Burns & Wilcox, an in-state defendant has been fraudulently joined as a defendant, and that, therefore, complete diversity exists between the parties. T.J.'s now moves to remand, claiming that neither defendant has met its burden to show that Burns & Wilcox has been improperly joined. Burns & Wilcox opposes the plaintiff's motion to remand and has also filed a motion to

---

[1] Both defendants suggest that Cosse Insurance Agency, which is not named in this suit, was the retail insurance agency from which T.J.'s obtained the policy. Burns & Wilcox submits evidence that it does not communicate with the insurance applicant, but rather provides insurance products to retail agents such as Cosse.

dismiss the plaintiff's claims against it for failure to state a claim.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In fact, this Court has denied remand and dismissed claims against a wholesale broker in similar circumstances.  See Bowman v. Lexington Ins. Co., 2006 WL 3733839 (E.D. La. Dec. 14, 2006).  As in Bowman, here, most of T.J.'s allegations are directed at Scottsdale for "arbitrary and capricious" failure to pay damages under their commercial policy, primarily because the parties dispute whether the policy covers damage sustained.

3

T.J.'s allegations against Burns & Wilcox include that it was negligent by failing to advise T.J.'s that it was under-insured and failing to recommend adequate flood insurance.  But, like the record in Bowman, the record here establishes that Burns & Wilcox does not communicate with Scottsdale customers.  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Burns & Wilcox has met its burden in proving that T.J.'s has no possibility of recovery against it under Louisiana state law.  Another Section of this Court agrees.  See Frischhertz v. Lexington Ins. Co., 2006 WL 3228385 (E.D. La. Nov. 3, 2006)(Barbier, J.).

Because no claim against Burns & Wilcox exists, there is complete diversity:  the remaining defendant, an Ohio citizen, is diverse from the in-state plaintiff, and the amount in controversy requirement for diversity jurisdiction is undisputed.

Accordingly, the plaintiffs' motion to remand is DENIED and Burns & Wilcox's motion to dismiss for failure to state a claim is GRANTED.  All claims against Burns & Wilcox are dismissed.

New Orleans, Louisiana, January 23, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE